# AGREEMENT FOR LEGAL SERVICES

The undersigned, hereinafter "client," employs as special counsel for the Chapter 7 Trustee the law firms of DAWSONBROWN[PS] and Law Offices of Robert M. Gregg[PS] hereinafter "attorneys," to represent the Chapter 7 Trustee for the Bankruptcy Estate of Charles and Sarah Neibert and to pursue claims possessed by Charles and Sarah Neibert as of the bankruptcy petition date. The authority to pursue these claims is intended to be broad and include, but is not limited, to all claims arising in any way out of the motor vehicle collision of April 10, 2013, including claims relating to insurance bad faith, breach of contract, violation of the Consumer Protection Act, common law claims, and all claims of any nature formerly possessed by the Neiberts arising in any way out of the April 10, 2013, motor vehicle collision.

Client and attorneys agree as follows:

1. **ATTORNEY FEE**: Attorneys will receive an attorney fee of forty percent (40%) of all sums recovered by settlement or trial. In the event an appeal is filed by any party; attorneys will receive fifty percent (50%) of all sums recovered after the date a notice of appeal is filed. "All sums recovered" includes all monies paid in settlement or award of damages, attorney fees, costs, penalties or interest. The attorney fee will be calculated before deduction of costs. If there is no recovery, no attorney fee will be paid. Notwithstanding any provision in this Agreement for legal services, the fees and costs allowable to attorneys are exclusively within and subject to the discretion of the Bankruptcy Court.

2. **COSTS**: Client is responsible for payment of costs. Costs may include, but are not limited to, filing fees, service fees, witness fees, research fees, and charges for investigation, records, medical reports, expert fees, photographs, exhibits, photocopies, telecopies, telephone long distance, postage, travel and accommodations, videotaping, and depositions. Unreimbursed costs will be deducted from any recovery after calculation of the attorney fee.

3. **STRUCTURED SETTLEMENT**: If any part of a recovery calls for annuity payments in the future, the attorney fee on this portion of the recovery will be computed based on the actual cost of the annuity and shall be paid from the cash portion of the recovery at time of settlement.

4. **AUTHORITY, DUTIES AND REPRESENTATIONS**: Client authorizes attorneys to file a lawsuit if and when attorneys consider it advisable. Client will cooperate with attorneys and will timely respond to attorneys' requests. Attorneys will make no settlement of client's claims without client's consent. Client acknowledges that attorneys have made no guarantee of a successful result, and that any statements regarding the merit or outcome of the case are professional opinion only.

5. **PROBATE, GUARDIANSHIP, FINANCIAL ADVICE & TAXES**: Attorneys do not provide financial or tax advice, nor do they perform probate or guardianship services. Client is responsible for the hiring and costs of these services, if needed.

6. **WITHDRAWAL AND DISCHARGE**: If client discharges attorneys, or if attorneys withdraw for cause, client agrees to pay attorneys a reasonable attorney fee and any unreimbursed costs. The attorney fee shall be, at attorneys' option, either (a) an hourly fee for the attorney and paralegal time expended on the case; (b) the contingency percentage of the last settlement offers; or (c) a pro rata portion of the contingent fee ultimately recovered based on the relative contributions to the case by attorneys and any successor law firms, as determined by the law of quantum meruit and the factors set out in Rule for Professional Conduct 1.5(a). Notwithstanding the provisions in this section, the fees and costs allowable to attorneys are exclusively within and subject to the discretion of the Bankruptcy Court.

Ex. A-1

7. **EMAIL:** Client authorizes the use of email communication understanding that email has a reduced capacity for maintaining the privacy of communications.

**ATTORNEYS:**

DawsonBrown<sup>PS</sup>

BY: /s/ Robert K. Dawson
     Robert K. Dawson

DATE: 3/27/17

Law Offices of Robert M. Gregg<sup>PS</sup>

BY: /s/ Robert M. Gregg
     Robert M. Gregg

DATE: 3/27/17

**CLIENT:**

Russell D. Garrett, Ch. 7 Trustee for the Bankruptcy Estate of Charles and Sarah Neibert, Case No. 15-45838-BDL

_____
Russell D. Garrett, Ch. 7 Trustee

DATE:_____